United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41462
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL VENUSTIANO LOZANO-AVILA,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-444-ALL

———————————

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:*

A jury convicted Daniel Venustiano Lozano-Avila (Lozano) of possession with intent to distribute more than 100 kilograms of marihuana. The court sentenced him to 63 months of imprisonment, based, at least in part, on the drug quantity of about 350 pounds or some 158.76 kilograms.

Lozano contends that inadmissible documentary hearsay was

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admitted even though no hearsay exception applied.  The document of which he complains was admitted to prove its falsity.  It was therefore not hearsay, and no hearsay exception was relevant.  *See United States v. Adkins*, 741 F.2d 744, 746 (5th Cir. 1984).

Lozano also contends that the Government failed to prove the alleged drug quantity.  A DEA agent testified that the marihuana weighed more than 100 kilograms.[**]  Lozano neither objected to the testimony nor rebutted the evidence, nor did he preserve the objection in his Rule 29 motions for judgment of acquittal which asserted (and only asserted) lack of guilty knowledge on his part (a contention not raised on appeal).  After being instructed to determine whether the drug quantity exceeded 100 kilograms, the jury found Lozano guilty as charged.  The evidence of drug quantity was sufficient because a reasonable jury could have found that the Government proved that quantity beyond a reasonable doubt.  *See United States v. Daniel*, 957 F.2d 162, 164 (5th. Cir. 1992); *cf. United States v. Herrera*, 313 F.3d 882, 885 (5th Cir. 2002) (applying more stringent standard where specific issue was not addressed in motion for acquittal which raised another specific issue).

The judgment of the district court is

---

[**]Other evidence reflected there were some 40 to 45 bundles of marihuana, pictures of which show them filling a concealed space occupying the entire bed of defendant's pickup truck to a depth of a foot or more.

AFFIRMED.